FREEBORN & PETERS LLP
Richard S. Lauter
Devon J. Eggert.
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312.360.6000
Facsimile: 312.360.6520
rlauter@freeborn.com
ejanczak@freeborn.com

Counsel for Dale Schian, Creditor Trustee of the PRM
Family Holding Company, L.L.C. Creditor Trust

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: <br><br> PRM FAMILY HOLDING COMPANY, L.L.C., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 2:13-bk-09026-BKM <br><br> (Jointly Administered) |
| DALE SCHIAN, CREDITOR TRUSTEE OF THE PRM FAMILY HOLDING COMPANY, L.L.C. CREDITOR TRUST, <br><br> Plaintiff, <br><br> v. <br><br> G & I ISLAS INDUSTRIES, INC., <br><br> Defendant. | Adv. Pro. No. 2:15-ap-_____-BKM <br><br> **COMPLAINT** |
| This Filing Applies to: <br><br> ☒ All Debtors <br> ☐ Specified Debtors | |

Dale Schian (the "*Creditor Trustee*"), Creditor Trustee of the PRM Family Holding Company, L.L.C. Creditor Trust (the "*Creditor Trust*"), by and through his undersigned counsel, pursuant to sections 502, 547, 548, and 550 of title 11 of the United States Code (the "*Bankruptcy Code*") hereby alleges for its complaint (the "*Complaint*") against G & I Islas Industries, Inc. (the "*Defendant*"), as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding, which arises under the Bankruptcy Code, and arises in and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona (the "*Court*"), case number 13-09026, under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

4. On May 28, 2013 (the "*Petition Date*"), PRM Family Holding Company, L.L.C., Prodigio Mercado, L.L.C., Pro's ABQ Ranch Markets, L.L.C., Pro's ELP Ranch Markets, L.L.C., Pro's ELP Ranch Markets Beverage Company, L.L.C., Pro & Son's, L.L.C., Pro's Ranch Markets (CA), L.L.C. and Provenzano's L.L.C. (collectively the "*Debtors*") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

5. On February 6, 2014, the Court entered an order (the "*Sale Order*") pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code and Fed. R. Bank. P. 2002, 6004, and 6006 authorizing and approving the sale of substantially all of the Debtors' assets.

6. On April 13, 2015, the Court entered an order (the "*Confirmation Order*") confirming the Joint Plan of Liquidation Dated December 30, 2014, as amended (the "*Plan*").

7. The Confirmation Order appointed Dale Schian as the Creditor Trustee for the Creditor Trust and further approved the Creditor Trust Agreement attached to the Confirmation Order as Exhibit A.

8. Pursuant to Sections 1.1.2 and 1.2.1 of the Creditor Trust Agreement, the Creditor Trust Assets (as defined in the Plan) are vested with the Creditor Trust, including without limitation, all chapter 5 claims and causes of action.

9. Accordingly, the Creditor Trustee has standing to prosecute, defend, and compromise all chapter 5 claims and causes of action on behalf of the beneficiaries of the Creditor Trust.

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to Section 547 of the Bankruptcy Code)**

10. The Creditor Trustee repeats and realleges the allegations of paragraphs 1 through 9 as though fully set forth herein.

11. During the ninety (90) day period immediately preceding the Petition Date, the Debtors made payment(s) totaling $20,753.26 (collectively, the "*Transfers*") to the Defendant.

12. A list of the Transfers is attached hereto and incorporated herein as Exhibit A.

13. Upon information and belief, the Defendant was a creditor, within the meaning of section 101(10)(A) of the Bankruptcy Code, of the Debtors at the time of each of the Transfers.

14. Each Transfer constituted a transfer of an interest of one or more of the Debtors in property; namely, cash.

15. Each Transfer was made to or for the benefit of the Defendant, within the meaning of section 547(b)(1) of the Bankruptcy Code, because each Transfer either reduced or fully satisfied a debt then owed by the Debtors to the Defendant.

16. Upon information and belief, each Transfer was made for or on account of an antecedent debt owed by the Debtors to the Defendant before such Transfer was made.

17. Based on the facts and circumstances of these cases and the presumption of insolvency set forth in section 547(f) of the Bankruptcy Code, each Transfer was made while the Debtors were insolvent.

18. Each Transfer was made on or within ninety (90) days prior to the Petition Date.

19. Each Transfer enabled the Defendant to receive more than it would receive if:

    a. the Debtors' cases were cases under chapter 7 of the Bankruptcy Code;

    b. such Transfer had not been made; and

    c. the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

20. By reason of the foregoing, the Creditor Trustee may avoid the Transfers as preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

**(In the Alternative, Avoidance of Fraudulent Transfers under 11 U.S.C. §548(a)(1)(B))**

21. The Creditor Trustee repeats and realleges the allegations of paragraphs 1 through 20 as though fully set forth herein.

22. Each Transfer constituted a transfer of an interest of the Debtors in property.

23. Each Transfer was made within two years before the Petition Date.

24. To the extent any of the Transfers were not made on account of antecedent debt owed by the Debtors, the Debtors did not receive reasonably equivalent value in exchange for the Transfers.

25. On the date each Transfer was made, the Debtors:

    a. Were insolvent or became insolvent as a result of the Transfer;

    b. Were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or

    c. Intended to incur, or believed they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

26. For these reasons, and to the extent any of the Transfers were not made on account of an antecedent debt owed by the Debtors, the Creditor Trustee may avoid those Transfers as fraudulent under 11 U.S.C. § 548(a)(1)(B).

## COUNT III

**(Recovery of Avoided Transfers Pursuant to Section 550 of the Bankruptcy Code)**

27. The Creditor Trustee repeats and re-alleges the allegations of paragraphs 1 through 26 as though fully set forth herein.

28. The Defendant was either: (a) the initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made; or (c) an immediate or mediate transferee of an initial transferee.

29. Upon the avoidance of the Transfers under sections 547 and/or 548 of the Bankruptcy Code, the Creditor Trustee may recover the Transfers or the value thereof from the Defendant or any mediate or immediate transferee pursuant to section 550 of the Bankruptcy Code.

30. By reason of the foregoing, the Creditor Trustee may recover the Transfers or the value thereof from the Defendant pursuant to section 550 of the Bankruptcy Code.

## COUNT IV

**(Disallowance of Claims Pursuant to Section 502(d) of the Bankruptcy Code)**

31. The Creditor Trustee repeats and realleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

32. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under sections 547 or 548 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

33. The Defendant has neither paid nor surrendered the Transfers or the value thereof to the Debtors' estates or the Creditor Trust.

34. The Creditor Trustee objects to any and all claims of the Defendant, including, without limitation, all prepetition and postpetition claims pursuant to section 502(d) of the Bankruptcy Code.

35. By reason of the foregoing, any unsecured claim which the Defendant has filed must be disallowed pursuant to section 502(d) of the Bankruptcy Code until the Transfers or the value thereof are returned to the Creditor Trust.

WHEREFORE, the Debtors respectfully requests that:

(a) the Transfers be avoided pursuant to section 547 of the Bankruptcy Code, as applicable;

(b) the Transfers be avoided pursuant to section 548 of the Bankruptcy Code, as applicable and to the extent not avoided under section 547 of the Bankruptcy Code;

1       (c)     the Defendant be directed to return the amount of the Transfers to the Creditor Trust pursuant to section 550 of the Bankruptcy Code;

      (d)     any and all claims held by the Defendant against the Debtors or the Debtors' estates be disallowed pursuant to section 502(d) of the Bankruptcy Code unless and until the amount of such Transfers are returned to the Creditor Trust;

      (e)     all fees and costs be assessed against the Defendant; and

      (f)     the Creditor Trustee be granted such other and further relief as is just and proper.

DATED this 27th day of May, 2015.

                              FREEBORN & PETERS LLP

                              By:    /s/ Elizabeth L. Janczak
                                       Richard S. Lauter
                                       Elizabeth L. Janczak

                                       *Counsel for the Creditor Trustee*

# EXHIBIT A

**Transfers to G & I Islas Industries, Inc. During Preference Period**

| **Vendor Name** | **Date** | **Check No.** | **Amount** |
|---|---|---|---|
| G & I Islas Industries, Inc. | 4/16/2013 | 6000 | $5,404.21 |
|  | 4/25/2013 | 6215 | $14,270.96 |
|  | 5/23/2013 | 6890 | $1,078.09 |
|  |  | **Total:** | $20,753.26 |